◼ JOSEPH A. STARKS et al., Appellants, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CITY OF SCHENECTADY et al., Respondents. [704 NYS2d 724] —Crew III, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 30, 1998 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Knolls Atomic Power Laboratory (hereinafter KAPL) entered into a contract with defendant Young Men's Christian Association of the City of Schenectady (hereinafter the YMCA), wherein the YMCA agreed to "[p]rovide the necessary labor and materials to conduct and supervise a training program in accordance with the [s]pecification for KAPL['s] Physical Fitness Training Program, for approximately 97 [s]ecurity [f]orce members." The specification for the physical fitness training program provided, inter alia, that the YMCA would assist KAPL's protective force personnel in achieving a time of not more than 8.5 seconds in running the 40-yard dash. The 40-yard dash was run on a track inside the YMCA gymnasium and, because of the proximity of an interior wall to the finish line, a 6-foot by 6-foot by 2-foot mat was placed against said wall.

On December 2, 1992, plaintiff Joseph A. Starks, a security guard employed by KAPL, was participating in the 40-yard dash. After crossing the finish line Starks collided with the mat, sustaining serious and disabling injuries. Starks and his wife, derivatively, thereafter commenced this negligence action seeking damages for Starks' injuries. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion and this appeal ensued.

We reverse. By virtue of the contract between KAPL and the YMCA, the latter was obligated to provide labor and materials

to conduct a training program in accordance with KAPL specifications. Those specifications provided, *inter alia*, that the YMCA was responsible for furnishing a running area for the 40-yard dash. Clearly, there exist questions of fact as to whether the running area so provided was reasonably safe under the circumstances. Specifically, there exist questions of fact as to whether defendants were negligent in the manner in which they set up, or permitted to be set up, the course for the 40-yard dash and, further, whether defendants failed to take measures to safeguard Starks from an allegedly dangerous condition that was not open and obvious. Notably, there is record evidence that the mat was owned by the YMCA and placed against the wall at least with the knowledge of YMCA employees and, further, that YMCA employees were fully aware that the mat was used by KAPL personnel to decelerate after completing the 40-yard dash.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.